IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIANA S. DIAZ, | § | |
| *Plaintiff,* | § § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-1832 |
| ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § § | |

## ORDER

Pending before the Court is Defendant Allstate Vehicle & Property Insurance Company's ("Allstate" or "Defendant") Motion for Summary Judgment. (Doc. No. 7). Plaintiff Diana S. Diaz filed a Response Opposing Summary Judgment, (Doc. No. 9), and Allstate replied. (Doc. No. 10). Considering the motions and applicable law, the Court hereby **DENIES** Allstate's Motion for Summary Judgment without prejudice. (Doc. No. 7).

### I.   Background

This is an insurance dispute. Allstate issued the insurance policy that covered Plaintiff's home at all relevant times (the "Policy").[1] (Doc. No. 5 at 6). Plaintiff alleges that her home and personal property suffered damage "when sewage backed up and flooded her home." (*Id.* at 2). Diaz filed a claim with Allstate to cover the damages. (*Id.* at 2–3). Plaintiff alleges that Allstate improperly denied coverage for the damages and, thus, refused to issue payment. (*Id.* at 3).

Plaintiff filed suit in Texas state court, alleging "that Allstate's actions constitute numerous violations of Texas law, including breach of contract, unfair and deceptive practices under Texas Insurance Code Chapter 541, failure to comply with the Prompt Payment of Claims requirements

---

[1] Since the majority of the facts are not in dispute, the Court refers to the pleadings or Motion where applicable for background and context.

in Texas Insurance Code Chapter 542, and breach of the common law duty of good faith and fair dealing." (*Id.* at 4). The case was then removed to this Court. Allstate now seeks summary judgment, contending that Plaintiff's claims fail as a matter of law because coverage for flooding caused by "sewage backup" is excluded under the Policy. (Doc. No. 7 at 1–2).

## II.     Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

As noted above, Defendant contends that the Policy excludes coverage for damage cause by "sewage backup." (Doc. No. 7 at 2). Since there is no coverage, Allstate concludes, "there can be no breach and therefore Plaintiff's remaining claims for 'bad faith' must be dismissed.

Defendant cites one provision of the Policy to support its claim that the damage is excluded under the Policy. Allstate cites the following provision, and emphatically only this provision, in its Motion:

> We do not cover loss to the system or appliance from which the water or steam escapes, or loss from water which backs up through sewers or drains or overflows from a sump pump. *See Exhibit "1"- Certified Copy of Allstate Vehicle & Property Insurance Company House & Home policy. The provision is listed on page 8 of 21 (number 13).*

(Doc. No. 7 at 4) (emphasis in original). Plaintiff's response focuses solely on rebutting the alleged exclusion under this provision. *See* (Doc. No. 9).

In its Reply, Defendant cites to a provision that it did not cite in its Motion. As a result, Plaintiff's Response clearly could not have disputed Defendant's new contention—that a wholly separate provision is the provision that excludes Plaintiff's claim from coverage. Since Defendant raises one provision in its Motion, but raises a different provision in its Reply, the Court will not consider the newly raised provision in the context of this Motion.

### IV. Conclusion

For the foregoing reasons, the Court hereby **DENIES** Allstate's Motion for Summary Judgment without prejudice.

SIGNED at this 4th day of February, 2025.

Andrew S. Hanen
United States District Judge