United States District Court
Southern District of Texas
**ENTERED**
April 24, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DIANA S. DIAZ, § | |
| § | |
| *Plaintiff*, § | |
| v. § | CIVIL ACTION NO. 4:24-cv-1832 |
| § | |
| ALLSTATE VEHICLE & § | |
| PROPERTY INSURANCE COMPANY, § | |
| § | |
| *Defendant*. § | |

## ORDER

Pending before the Court is Defendant Allstate Vehicle & Property Insurance Company's ("Allstate" or "Defendant") Second Motion for Summary Judgment. (Doc. No. 19). Plaintiff Diana S. Diaz failed to respond. Considering the Motion, the applicable law, and the evidence, the Court hereby **GRANTS** Allstate's Second Motion for Summary Judgment. (Doc. No. 19).

### I.  Background

This is an insurance dispute. Allstate issued the insurance policy that covered Plaintiff's home at all relevant times (the "Policy").[1] (Doc. No. 5 at 6). Plaintiff alleges that her home and personal property suffered damage "when sewage backed up and flooded her home." (*Id.* at 2). Diaz filed a claim with Allstate to cover the damages. (*Id.* at 2–3). Plaintiff alleges that Allstate improperly denied coverage for the damages and, thus, refused to issue payment. (*Id.* at 3).

Plaintiff filed suit against Allstate in Texas state court, alleging breach of contract, violations of Texas Insurance Code chapter 541 and 542, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and breach of the duty of good faith and fair dealing. (*Id.* at 4). The case was then removed to this Court. The Court previously denied Allstate's first motion for summary

---

[1] Since the majority of the facts are not in dispute, the Court refers to the pleadings or Motion where applicable for background and context.

judgment without prejudice. (Doc. No. 18). Allstate again seeks summary judgment, contending that each of Plaintiff's claims fail as a matter of law because coverage for flooding caused by "sewage backup" is excluded under the Policy. (Doc. No. 19 at 1–2).

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

As noted above, Defendant contends that the Policy excludes coverage for damage cause by "sewage backup." (Doc. No. 7 at 2). Since there is no coverage, Allstate concludes, "there can be no breach and therefore Plaintiff's remaining claims for 'bad faith' must be dismissed.

The Policy covers three types of property damage. (Doc. No. 19-1 at 16). The Policy includes protection for Plaintiff's dwelling (termed "Coverage A"), other structures (termed "Coverage B"), and personal property (termed "Coverage C"). (*Id.*). Allstate cites the following provision to support its conclusion that sewer damage is not covered by the Policy:

> *Under Dwelling Protection–Coverage A, Other Structures Protection–Coverage B or Personal Property Protection–Coverage C of this policy, we do not cover any loss which consists of, is caused by, or would not have occurred but for, one or more of the following excluded events, perils or conditions.* Such loss is excluded regardless of: a) the cause or source of the excluded event, peril or condition; b) any other causes contributing concurrently or in any sequence with the excluded event, peril or condition to produce the loss; or c) whether the excluded event, peril or condition involves isolated or widespread damage, arises from natural, man-made or other forces, or arises as a result of any combination of these forces.
>
> 1. Flood, including, but not limited to, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind.
>
> 2. *Water or any other substance that backs up through sewers or drains.*
>
> 3. Water or any other substance that overflows from a sump pump, sump pump well or other system designed for the removal of subsurface water which is drained from a foundation area of a structure.
>
> 4. Water or any other substance on or below the surface of the ground. This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises.

(*Id.* at 18) (emphasis added).

#### A. Breach of Contract

Plaintiff contends that Allstate breached the contract (i.e. the Policy) by denying her claim for benefits. Several rules of construction guide the Court's analysis of this issue. First, insurance

contracts are subject to the same rules of construction as other contracts. *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex. 1995); *National Union Fire Ins. Co. v. CBI Indus.*, 907 S.W.2d 517, 520 (Tex. 1995); *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994). The Court's primary goal, therefore, is to give effect to the written expression of the parties' intent. *See Beaston*, 907 S.W.2d at 433; *Forbau*, 876 S.W.2d at 133. The Court must read all parts of the contract together, *see Beaston*, 907 S.W.2d at 433, striving to give meaning to every sentence, clause, and word to avoid rendering any portion inoperative. *See United Serv. Auto. Ass'n v. Miles*, 139 Tex. 138, 161 S.W.2d 1048, 1050 (1942). While parol evidence of the parties' intent is not admissible to create an ambiguity, *see National Union*, 907 S.W.2d at 520, the contract may be read in light of the surrounding circumstances to determine whether an ambiguity exists. *See Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996); *National Union*, 907 S.W.2d at 520.

If, after applying these rules, a contract is subject to two or more reasonable interpretations, it is ambiguous. *See National Union*, 907 S.W.2d at 520. Where an ambiguity involves an exclusionary provision of an insurance policy, we "must adopt the construction . . . urged by the insured as long as that construction is not unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent." *National Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991); *see also Glover v. National Ins. Underwriters*, 545 S.W.2d 755, 761 (Tex. 1977).

Though Plaintiff did not respond to the Motion, her live Complaint is quite telling. Plaintiff cites the "sewage backup" as the cause of the damage ten times throughout the Complaint. *See* (Doc. No. 5). The resultant damage was the sole basis for the claim she made against the Policy. (*Id.* at 2).

4

Guided by the rules of construction, the Court finds that the plain meaning of the Policy's language excludes the damage that is the sole basis of Plaintiff's claims against Allstate. Since the alleged damage is excluded from coverage under the Policy, Allstate did not breach the contract by denying Plaintiff's claim for benefits. *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 494 (Tex. 2018) ("If the policy does not cover the insured's loss, the insurer does not breach the policy by failing to pay benefits for that loss because the insured is not entitled to those benefits."). Thus, Plaintiff's breach of contract cause of action must be dismissed.

### B. Extra-Contractual Claims

Plaintiff also claims that Allstate violated Texas Insurance Code chapters 541 and 542, violated the DTPA, and breached its duty of good faith and fair dealing. As for the alleged Texas Insurance Code violations, for an insured Plaintiff "to recover damages for an insurer's violations of the Texas Insurance Code, the insured must prove either (1) a right to receive benefits under the policy; or (2) compliance with the independent-injury rule." *St. Luke's United Methodist Church v. Church Mut. Ins. Co.*, No. 2:20-cv-00053, 2022 WL 980352, at *7 (S.D. Tex. Mar. 31, 2022). As the Court previously determined Plaintiff did not have a right to receive benefits under the policy, she must proceed using the independent-injury rule.

The Fifth Circuit has clarified the Independent-Injury Rule "limits the recovery of *other* damages that "flow" or "stem" from a mere denial of policy benefits." *Lyda Swinerton Builders, Inc. v. Okla. Surety Co.*, 903 F.3d 435, 452 (5th Cir. 2018) (citing *Menchaca*, 545 S.W.3d at 500) ("We have further limited the natural range of injury by insisting that an injury is not 'independent' from the insured's right to receive policy benefits if the injury 'flows' or 'stems' from the denial of that right."). Even the Supreme Court of Texas seemingly recognized the narrow window imposed by the Independent-Injury Rule, stating that "although we reiterate . . . that such a claim

5

could exist, we have no occasion to speculate what would constitute a recoverable independent injury." *Menchaca*, 545 S.W.3d at 500. The Court held that such a successful claim would be "rare, and [the Supreme Court of Texas] in fact had yet to encounter one." *Id.* at 499.

Though Plaintiff did not respond to the Motion, and therefore has not proffered evidence to support a theory of independent injury, her Complaint states that she suffered

> extensive damages, including actual damages for unrepaired property damage and out-of-pocket costs to mitigate losses, consequential damages for the diminished value of her home, mental anguish damages, attorney's fees incurred to pursue the claim, and 18% statutory interest under the Prompt Payment of Claims Act.

(Doc. No. 5 at 5). Even if Plaintiff provided the Court with evidence to support these claims, her statutory claims under Chapters 541 and 542 of the Texas Insurance Code would still fail as a matter of law. These alleged injuries all "flow" or "stem" from a denial of policy benefits. *Lyda Swinerton Builders*, 903 F.3d at 452. As such, Plaintiff has not shown an injury independent from Defendant's denial of policy benefits. Therefore, Plaintiff's Texas Insurance Code claims must be dismissed.

With respect to Plaintiff's remaining claims—Defendant's alleged violation of the DTPA and breach of the duty of good faith and fair dealing—these claims "share the same predicate for recovery: a showing of common law bad faith." *Alvarez v. State Farm Lloyds*, No. SA-18-cv-01191-XR, 2020 WL 1033657, at *3 (W.D. Tex. Mar. 2, 2020) (granting summary judgment on claims for Texas Insurance Code violations, DTPA violations, and breach of the duty of good faith and fair dealing because there was no evidence of bad faith) (citing *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002)).

A plaintiff may sue for breach of the duty of good faith and fair dealing if their insurer denies or delays their claim without any reasonable basis for the denial or delay in the processing of claims. *Blueitt v. Crestbrook Ins. Co.*, 643 F. Supp. 3d 651, 658 (N.D. Tex. 2022) (citing *Arnold*

6

*v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). Nevertheless, courts have consistently held that a bona fide coverage dispute is not evidence of an insurer's unreasonableness. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997); *see also Blueitt*, 643 F. Supp. 3d at 658. As such, an insurer is entitled to summary judgment on the extra-contractual claims if the summary judgment evidence establishes that there was no more than a good faith dispute. *U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997).

Due to the close relationship between common law bad faith claims and the statutory bad faith provisions found in the Texas Insurance Code and the [DTPA], "Texas courts have held that the bona fide dispute rule also applies to statutory bad faith claims under the [DTPA] and the Texas Insurance Code." *Blueitt*, 643 F. Supp. 3d at 658 (citing *Higginbotham*, 103 F.3d at 459). As a result, "when an insured joins claims under the Texas Insurance Code and the DTPA with a bad faith claim asserting a wrongful denial or delay in the payment of policy benefits, if there is no merit to the bad faith claim, there can be no liability on the statutory claims." *Kondos v. Allstate Tex. Lloyds*, No. CIV.A. 1:03-cv-1440, 2005 WL 1004720, at *13 (E.D. Tex. Apr. 25, 2005) (citing *Higginbotham*, 103 F.3d at 460); *see also Soto v. Lloyds*, No. 5:15-cv-86, 2016 WL 6883174, at *5 (S.D. Tex. Aug. 19, 2016).

Here, Plaintiff has failed to raise a genuine issue of material facts as to whether Defendant acted in bad faith. The evidence proffered by Allstate demonstrates that the claim was denied in good faith because the damage was excluded from coverage. Accordingly, Plaintiffs' claims for breach of the common-law duty of good faith and fair dealing and DTPA violations fail as a matter of law. *See Soto*, 2016 WL 6883174, at *5 ("[A]n insurer may establish its right to summary judgment by showing that there is 'no more than a good faith dispute' as to coverage.").

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Second Motion for Summary Judgment in its entirety. (Doc. No. 19). This matter is hereby dismissed with prejudice. All pending motions are hereby DENIED as moot. (Doc. No. 14). The Court will enter a take nothing final judgment in a separate order.

Signed at Houston, Texas, on this the 24th day of April, 2025.

Andrew S. Hanen
United States District Judge